IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 1:18CR00706-001 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SARA LIOI |
| VS. | ) | |
| | ) | |
| CRISTIAN OSWALDO | ) | DEFENDANT'S SENTENCING |
| AMAYA-BERMUDES | ) | MEMORANDUM |
| | ) | |
| Defendant, | ) | |

Now comes the Defendant, Cristian Oswaldo Amaya-Bermudes by and through undersigned Counsel, and respectfully requests this Honorable Court consider a sentence that is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. §3553. In support, the attached Memorandum is filed for the Court's review and consideration.

Respectfully submitted,

S/GEORGE C. PAPPAS
GEORGE C. PAPPAS #0037374
Attorney for Defendant
631 W. Exchange Street
Akron, Ohio 44302
330-252-0125

1

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing *Defendant's Sentencing Memorandum* was filed electronically this 27th day of February, 2019. Notice of the filing will be sent by operation of the Court's Electronic filing system. Parties may access this filing through the Court's system.

S/GEORGE C. PAPPAS
GEORGE C. PAPPAS #0037374
Attorney for Defendant

## MEMORANDUM IN SUPPORT

I. **PRESENTENCE REPORT**

Mr. Amaya-Bermudez had the opportunity to have the Presentence Report read to him in his language with undersigned counsel. He understood it, and there are no objections to the report.

II. **PERSONAL BACKGROUND**

Mr. Amaya-Bermudez is a 23 year-old El Salvador national, who has been working in the landscape and carpentry field in the United States, for approximately one year. He has resided in Northeast Ohio and Texas for all of his time in the United States. He is single and came to the United States, like many other undocumented individuals, to work and support his family. He had a good childhood, but for his father abusing his mother though the main motivator to come to the United States illegally was possibility to earn better wages that would allow him to financially support his family. While in the United States, Mr. Amaya-Bermudez worked as a laborer for about one year. Mr. Amaya-Bermudez has lead a law abiding life, other than the immigration violations. Mr. Amaya-Bermudez was detained in the instant matter, since November 14, 2018. He was in the custody of ICE, until he was charged with this case. Mr. Amaya-Bermudez will be deported after this case is concluded.

III. **PROCEDURAL BACKGROUND**

Mr. Amaya-Bermudez was indicted by a Northern District of Ohio grand jury on a one-count Indictment, filed on November 29, 2018, for violation of 8 U.S.C. §1326. On January 4, 2019, Mr. Amaya-Bermudez pled guilty as charged in the Indictment. His case was referred to the United States Pretrial Services and Probation Office for preparation of a Presentence Investigation and Report.

IV. **SENTENCING GUIDELINES CALCULATION**

Pursuant to the Presentence Investigation Report ("PSR"), the base offense level is eight (8), for a violation of 8 U.S.C. §1326. *PSR* ¶13. Mr. Amaya-Bermudez has accepted responsibility, and therefore, pursuant to USSG §3E1.1(a), the offense level is reduced by two (2) points. ¶20. As a result, the Total Offense Level is six(6). ¶21. There are no other adjustments in this matter.

According to the Criminal History Category computations in the PSR, Mr. Amaya-Bermudez has one (1) criminal history category point, corresponding to a Criminal History Category of I. ¶24-27. As a result, based upon a total offense level of six (6) and criminal history category of I, the guideline range of imprisonment is zero (0) to six(6) months.

The applicable guideline range of imprisonment falls within Zone A of the Sentencing Table. Therefore, and pursuant to USSG §5C1.1(b), a sentence of imprisonment is not required.

V. **LAW AND ARGUMENT**

A. LAW

Pursuant to *United States v. Booker,* U.S. 220 (2005), Federal Sentencing Guidelines are to be considered "effectively advisory", contrary to the virtual mandatory nature prior to that decision. *Id.* at 245. In fashioning an appropriate sentence, the District Court cannot presume that the Guideline range is reasonable but rather the Court Must also consider the factors enumerated in 18 U.S.C. 3553(a) to determine a sentence that is "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. §3553(a)(2). *United States v. Foreman*, 436 F.3c 638, 644 n.1 (6th Cir. 2006). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment,

afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed training, care or treatment; (3) the kinds of sentences available; (4) the kinds of range of sentence under the Guidelines: (5) pertinent policy statements by the Sentencing Commission: (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and (7) the need to provide restitution.

    B. **ARGUMENT**

Mr. Amaya-Bermudez, through counsel, argues that a sentence of time served is sufficient but not great than necessary to comply with, and accomplish, the purposes of the sentencing statute.

A sentence of time served is within the guideline range of 0-6 months. In fact, as of the time of this sentencing, Mr. Amaya-Bermudez will have been detained over three months. He was detained and placed in custody of Immigration and Customs Enforcement first, on November 14, 2018. Then, he was transferred to the custody of the United States Marshalls on November 21, 2018. A sentence of time served would be in the upper range of the guidelines.

With respect to the deterrence factor, Mr. Amaya-Bermudez has never been detained for this long in his entire life. Mr. Amaya-Bermudez is now aware that he cannot continue to come back to the United States illegally. He has expressed his remorse, and he understands that should he find himself in the same situation in the future, he will be facing a much harsher sentence. As a result, Mr. Amaya-Bermudez, as well as others contemplating the same conduct, is very unlikely to commit the same offense.

Other §3553 factors to consider include the history and personal characteristics of the defendant. Mr. Amaya-Bermudez was born and raised in El Salvador. He attended school up to

the eighth grade. He had to stop going to school in order to go to work and help the family. While he reported a normal childhood, financial concerns were present during his upbringing. He comes from a family, of 4 siblings. Mr. Amaya-Bermudez came to the United States in order to obtain better paid employment and help support the family back home. Mr. Amaya-Bermudez has always maintained employment, and has been a productive member of society. When he was arrested in this case, he immediately admitted to the authorities that he did not have legal documentation to be present in the country.

The deportation will be a direct effect of this conviction. Mr. Amaya-Bermudez is not a United States citizen. His guilty plea and subsequent conviction in this case, will result in his deportation following the completion of the sentence he will ultimately serve. The deportation in this case has also a severely punitive effect: Mr. Amaya-Bermudez will be permanently separated from friends and his life style during the last year. He will be unable to reenter the United States to visit and will have to rebuild his life entirely in El Salvador. The deportation in Mr. Amaya-Bermudez case will have a painful and lifelong effect on his life, and constitutes a significant punishment for his conduct. He fears for his life from gangs in El Salvador that have threatened him if he fails to join the gangs, for which he refuses.

This Honorable Court can consider the deportation hardship when imposing a reasonable sentence. The time Mr. Amaya-Bermudez has been detained in the custody of ICE first, followed by the time he has been detained in the current case, in addition to the deportation that will take place soon after this matter is concluded, should be considered by the Court to provide adequate deterrence to criminal conduct.

Mr. Amaya-Bermudez has accepted responsibility for his conduct, and is deeply remorseful and embarrassed by this matter. But beyond anything, he is deeply sorry for the way

this case has affected his family.

When evaluating the §3553 factors, Mr. Amaya-Bermudez respectfully requests this Court to consider his acceptance of responsibility, remorse, financial and emotional hardship by virtue of his imminent deportation.

## VI. CONCLUSION

For the foregoing reasons, Mr. Amaya-Bermudez respectfully requests that this Honorable Court consider all of the 18 U.S.C. §3553(a) factors described above and impose a sentence of time served.

          Respectfully submitted,

          S/GEORGE C. PAPPAS
          GEORGE C. PAPPAS #0037374
          Attorney for Defendant
          631 W. Exchange Street
          Akron, Ohio 44302
          330-252-0125